IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SEIBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-00818 |
| ) | |
| PRECISION CONTRACTING ) | |
| SOLUTIONS, LP ) | |
| ) | |
| -and- ) | |
| ) | |
| DERRICK S. SIEBER ) | |
| ) | |
| -and- ) | |
| ) | |
| STEPHEN SIEBER, a/k/a ) | |
| "STEVIE MARCO", ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO STAY ARBITRATION**

The plaintiff, Michael Seibert ("Mr. Seibert"), by and through counsel, respectfully submits this memorandum in support of his Motion to Stay Arbitration.

**NATURE OF ACTION**

This is a motion to stay an arbitration proceeding before the American Arbitration Association ("AAA") brought by Precision Contracting Solutions, LP ("PCS") against Mr. Seibert evidently seeking payment for services PCS claims to have provided to Mr. Seibert. A copy of the Demand for Arbitration (the "Demand") is attached hereto as *Exhibit 1*. PCS invokes arbitration based on an arbitration provision contained in a purported Agreement (defined below) between PCS and Mr.

Seibert. However, Mr. Seibert has filed a Complaint in this Court challenging the enforceability of the Agreement and seeking a declaratory judgment that the arbitration provision in the Agreement is unconscionable and void as against public policy (the "Complaint"). In light of the pending Complaint, the arbitration proceeding brought by PCS against Mr. Seibert must be stayed until this Court has rendered a decision.

## LEGAL STANDARD

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs v. Commc'ns Workers of Am.*, 474 U.S. 643, 648 (1986) (internal quotation omitted). "[W]hen a party opposing arbitration contends that no agreement to arbitrate was entered, [it] effectively raises the issue of whether there was a meeting of the minds on the agreement to arbitrate," and the party seeking arbitration bears the burden of proving that a valid arbitration agreement exists and that there is no genuine issue of material fact as to whether a valid agreement to arbitrate exists. *Wolff v. Westwood Mgmt. LLC*, 503 F. Supp. 2d 274, 278 (D.D.C. 2007), *aff'd*, 558 F.3d 517 (D.C. Cir. 2009). In determining whether there is a genuine issue of material fact regarding whether an agreement to arbitrate exists, the court should accept the statement of the party opposing arbitration as true and all inferences should be drawn in its favor. *Id.* at 278.

## RELEVANT FACTS

1.  PCS, with Derrick Sieber (a citizen of Maryland) believed to be its sole general and limited partner, is a limited partnership organized in the District of Columbia with its principal place of business in Maryland.

2.  On or about December 8, 2017, PCS and Mr. Seibert entered into an agreement (the "Agreement") whereby PCS was to perform certain design, construction and remodeling services at Mr. Seibert's home in the District of Columbia. A copy of the Agreement is attached hereto as *Exhibit 2*. The Agreement was modified by email dated January 15, 2018 (the "Modification"). A copy of the Modification is attached hereto as *Exhibit 3*.

3.  In negotiating the Agreement and the scope of work with PCS, Mr. Seibert dealt with an individual named Stevie Marco, who acted for PCS and who held himself out as PCS's professional designer. Mr. Seibert now knows that Stevie Marco is not that individual's real name. In fact, Stevie Marco is a pseudonym for Stephen Sieber, who is, upon information and belief, a citizen of Maryland and Derrick Sieber's father.

4.  Upon information and belief Stephen Sieber has been adjudicated to have committed fraud and dishonesty in the past. Moreover, Stephen Sieber's former construction business has a history of customer complaints and litigiousness. Had Mr. Seibert been aware of Stephen Sieber's true identity, he would not have entered into the Agreement with PCS or any entity associated with Stephen Sieber.

5. Pursuant to the Modification, all work on Mr. Seibert's home was to be completed by February 1, 2018. PCS materially breached the Contract by failing to complete all required work by February 1, 2018. In addition, the work that was performed was defective and rife with shoddy workmanship, in breach of the Agreement and Modification.

6. The Agreement contains the following provision:

> The parties to this contract agree that any and all disputes that cannot be settled in good faith by the parties shall be resolved through binding arbitration that is initiated under the Construction Industry Arbitration Rules of the American Arbitration Association ("AAA") within 30 days of such dispute. No legal action may be initiated before the AAA or in any other arbitral or judicial forum against any director, officer, partner, employee or agent of, or anyone else associated with, one of the principals to this contract in connection with any dispute related to this contract. The party's sole recourse under this contract shall be against each other before the AAA. If the parties do not file a claim within the 30-day period stated herein, then all claims are barred from being brought by the parties in any and all legal forums. It is further agreed that the cost of binding arbitration shall be shared equally by PCS and the Client. It shall be clearly understood that any disputes that may arise are confidential with no public comment permitted in any form by either party relating to the dispute. The results of any Arbitration proceeding shall also be confidential with no public comment by either party permitted in any form relating to any award. The parties agree that any breach of this provision shall constitute a willful breach of contract.

7. On or about March 11, 2018, PCS filed the Demand before the AAA seeking payment for work it allegedly performed on Mr. Seibert's home.

8. The Demand relies on the arbitration provision contained in the Agreement as its proof of the parties' agreement to arbitrate.

9. On April 3, 2018, Mr. Seibert received a letter from AAA notifying him of the arbitration proceeding, and that the matter is being administered under the Fast Track of the current Construction Industry Arbitration Rules, which requires Mr. Seibert to file any answer, counterclaim, or objection to the Demand within seven days. A copy of the letter is attached hereto as *Exhibit 4*.

10. Mr. Seibert filed an objection, answer and counterclaim to the Demand, objecting to the commencement of the arbitration and, stating that Mr. Seibert intended to file a Motion to Stay, requesting the arbitration proceeding be stayed pending judicial determination by this Court as to the matters raised in the Complaint.

## ARGUMENT

There is no enforceable arbitration provision in effect between PCS and Mr. Seibert. "Arbitration is a matter of contract …." *AT&T* 474 U.S. at 648. Thus, before referring any controversy to arbitration, this Court must determine the gateway matter of whether the parties agreed to arbitrate. *See Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2003). Mr. Seibert specifically objects to the authority of an arbitrator to decide this dispute and has filed a Complaint asking this Court to find the arbitration provision unenforceable on the following grounds:

### A.     The Agreement was procured by fraud

As set forth in ¶¶ 3 and 4 above, PCS concealed the true identity of Stephen Sieber thereby preventing Mr. Seibert from obtaining information which would have stopped him from entering into the Agreement. The material misrepresentation of the identity of Stephen Sieber prevented the necessary meeting of the minds for valid contract formation. As such, the Court should find the Agreement invalid and the arbitration provision unenforceable.

Further, PCS was required to perform the work in accordance with applicable State and Local laws, regulations, and building code requirements. This includes the obligation to obtain the necessary building permits to perform the work. PCS represented to Mr. Seibert that it would obtain such permits and subsequently notified Mr. Seibert that all such permits were, in fact, secured. Mr. Seibert subsequently discovered that PCS, Stephen Sieber and Derrick Sieber failed to obtain required permits to perform the work and intentionally misrepresented this fact to Mr. Seibert to conceal their fraud. PCS knowingly made these false representations Mr. Seibert to induce him to enter into the Contract and thereafter to continue making progress payments to Defendants.

### B.     The 30-day limitation period for filing a claim is unenforceable, unconscionable and void as against public policy

The purported 30-day limitations period for Mr. Seibert to file a claim against PCS is facially unreasonable, unenforceable, unconscionable, and void as against public policy. This is so because the clause has the practical effect of barring any

action or proceeding by Mr. Seibert under the Agreement, thereby destroying mutuality of obligation.

### C. The bar against bringing actions against PCS's partners destroys mutuality

Likewise, the bar against Mr. Seibert bringing actions against PCS's partners also has the effect of barring any action by Mr. Seibert, and thereby again destroys mutuality of contract. A general partner of a limited partnership, such as PCS, is a necessary party to an action against the partnership. *Country Club Assocs. Ltd. P'ship v. F.D.I.C.*, 918 F. Supp. 429, 438–39 (D.D.C. 1996). Thus, according to the Agreement PCS would always be able to thwart any claim brought by Mr. Seibert for failure to name a necessary party. Additionally, the bar against bringing actions against PCS's partners insulates perpetrators of fraud and negligence against liability, in violation of public policy.

### D. The purported arbitration provision is unconscionable and unenforceable as a matter of law

Pursuant to 15 U.S.C. § 45b [Consumer review protection] the purported arbitration provision, and in particular the bar against public comment imposed by it, is void and unenforceable. Further, PCS uses the purported arbitration provision to perpetrate fraud and to deceive consumers, including Mr. Seibert. By employing an arbitration clause, coupled with the confidentiality restrictions, PCS makes it impossible for consumers to investigate and make informed decisions as to whether they wish to do business with PCS. Indeed, PCS aggressively threatens to employ

these provisions against consumers, including Mr. Seibert, who express dissatisfaction with PCS's work.

Each of the above stated challenges to the validity of the arbitration proceeding are raised in Mr. Seibert's pending Complaint. It would be improper to proceed with arbitration unless and until the Court has ruled on the fundamental issues raised in the Complaint.

**PRAYER FOR RELIEF**

Accordingly, the arbitration proceeding should be stayed pending determination by this Court of whether there is a legal and binding agreement between PCS and Mr. Seibert.

WHEREFORE, for all of the reasons stated herein, Mr. Seibert respectfully requests that this Court enter an order staying all proceedings related to the Demand for Arbitration against Mr. Seibert and granting such other and further relief as the Court may deem just and proper.

Dated: April 10, 2018.

Respectfully submitted,

By: /s/ Timothy B. Hyland

Timothy B. Hyland
DC Bar No. 988498
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3566 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com

By: /s/ Michael J. Bramnick
Michael J. Bramnick
DC Bar No. 500756
Bramnick Law, LLC
4250 East West Highway, Suite 700
Bethesda, MD 20814
(310) 547-3647
mbramnick@bramnicklegal.com

*Counsel for Michael Seibert*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 10, 2018, I caused to be filed electronically the forgoing with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system and that true copies of the foregoing were mailed, first class mail, postage prepaid, the same day, to:

Precision Contracting Solutions, LP
930 Wayne Avenue, Suite 504
Silver Spring, MD 20910

Derrick S. Sieber
930 Wayne Avenue, Suite 504
Silver Spring, MD 20910

Stephen Sieber
5001 Atlantic Avenue, Unit 405
Ocean City, MD 21842

Edward W. Lyle, Esquire
Law Offices of Edward W. Lyle
1805 45th Street NW
Washington, DC 20007

/s/ Timothy B. Hyland
Timothy B. Hyland