## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL SEIBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-818-RMC |
| ) | |
| PRECISION CONTRACTING ) | |
| SOLUTIONS, LP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN OPPOSITION TO MOTION
## FOR LEAVE TO FILE OPPOSITION TO MOTION TO STAY

The plaintiff, Michael Seibert ("Mr. Seibert"), submits the following as his memorandum in opposition to defendant Precision Contracting Solutions, LP's ("PCS") and Derrick Sieber's motion for leave to file a late opposition to Mr. Seibert's Motion to Stay Arbitration (ECF No. 2).

## I.    INTRODUCTION

PCS and Derrick Sieber long ago missed the deadline to respond to Mr. Seibert's motion to stay the arbitration commenced by PCS pending resolution of this case. Now they seek leave to file such an opposition. However, they fail to even attempt to demonstrate that they meet the standard for obtaining such leave – excusable neglect – choosing instead to blame their failure on Mr. Seibert's counsel, asserting that it was Mr. Seibert's counsel's role and duty to advise them that they need to file oppositions to motions. This argument requires no response, as it is absurd on its face. But, as demonstrated below, neither PCS nor Derrick Sieber can demonstrate excusable neglect, and their motion must therefore be denied.

## II.  FACTS

The facts relevant to this motion are best understood in the form of a timeline:

| Date | Occurrence |
|------|------------|
| April 10, 2018 | Complaint filed. (ECF No. 1) |
| April 10, 2018 | Motion to Stay Arbitration filed and mailed to PCS, Derrick Sieber, and their counsel (ECF No. 2) |
| April 10, 2018 | Copy of the Motion to Stay Arbitration sent to American Arbitration Association, with copy to PCS and Derrick Sieber's counsel (<u>Exhibit 1</u>, attached hereto) |
| May 2, 2018 | Process served on PCS for the first time (ECF Nos. 5, 13) |
| May 11, 2018 | Process served on Derrick Sieber (ECF No. 6, 12) |
| May 25, 2018 | Default entered against PCS (ECF No. 9) |
| July 9, 2018 | Process served on PCS for the second time (ECF No. 22) |

Never, in any of their filings, did PCS and Derrick Sieber even mention the motion to stay the arbitration. They ignored it, despite receiving copies of it multiple times.

## III.  ARGUMENT

Under Local Civil Rule 7(b), a party's memorandum in opposition to a motion is due 14 days after the motion is served. "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). If a party needs more time to complete a memorandum in opposition, he or it must file a motion for an extension of time. *See* Fed. R. Civ. P. 6(b)(1).

Where parties – such as PCS and Derrick Sieber here – seek such leave, they are required to "make a showing of 'excusable neglect.'" *Davis v. Transp. Sec. Admin.*, 264 F. Supp. 3d 6, 10 (D.D.C. 2017) (quoting Fed. R. Civ. P. 6(b)). "Establishing excusable neglect requires a movant to 'state with particularity the grounds' for the motion, and 'allege the facts constituting excusable neglect; the mere assertion of excusable neglect unsupported by facts [is] insufficient.'" *Id.* (quoting *Inst. For Policy Studies v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007)). Without such a showing, even if a motion for an extension of time is made, the Court may grant the underlying motion. *See* LCvR 7(b)(1)(B); *Cohen v. Bd. of Trustees of the Univ. of the D.C.*, 819 F.3d 476, 481 (D.C. Cir. 2016) ("Because the district court properly denied [the plaintiff's] motion to extend time, the court did not consider [the] opposition brief. At that point the tardy opposition was equivalent to no opposition at all. Under our precedent, the district court did not commit reversible error in granting the defendants' unopposed motion to dismiss the complaint ..., at least insofar as dismissal was without prejudice."); *see also Davis*, 264 F. Supp. 3d at 10.

Here, even it is assumed, *arguendo* (and incorrectly), that the motion was "served" when the defendants were served with process, as the defendants suggest in

their motion, Derrick Sieber's opposition already is more than 2 months late. And PCS's opposition likewise is more than 2 months late.[1]

The Supreme Court has set out four factors for determining when a late filing may constitute "excusable neglect": "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Jarvis v. Parker*, 13 F. Supp. 3d 74, 78 (D.D.C. 2014) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380 395 (1993)). Fault is the single most important factor. *See Inst. For Policy Studies*, 246 F.R.D. at 383; *Jarvis*, 13 F. Supp. 3d at 78-79.

Application of these factors here demonstrate that there is no excusable neglect justifying a late filing. Mr. Seibert would very much be prejudiced, as the delay in resolving the motion to stay has forced him to litigate simultaneously in two fora, and each day in which this continues is costly and inefficient. For the same reason, the length of the delay and its impact on the proceedings are highly prejudicial to Mr. Seibert. The reason for the delay, in turn, seems to be plaintiff's inattention to or ignorance of the rules. Indeed, they state "Defendants have believed that they had no deadline to meet in filing an opposition." (ECF No. 26, at 4). This position, of course,

---

[1] PCS was served a second time as a result of its attempts at evasion of service and claims – incorrect as they may be – that the original service was improper. Its response is still late, even based on the second service of process.

is directly contradicted by the clear language of LCvR 7(b). Lastly, as to good faith, it seems that PCS and Derrick Sieber were so intent on evading service and making threats – themselves and through intermediaries – to Mr. Seibert and his counsel, that they could not be bothered to meet the substance of the case.

At bottom, PCS and Derrick Sieber seek additional time because they either did not read, did not understand, or chose to ignore, the applicable rules. As such, they cannot demonstrate excusable neglect. *See Pioneer*, 507 U.S. at 392 ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'"); *Jarvis*, 13 F. Supp. 3d at 79 (same); *McDowell–Bonner v. District of Columbia*, 668 F. Supp. 2d 124 (D.D.C. 2009) ("Although the United States Court of Appeals for the District of Columbia Circuit has declined to adopt a *per se* rule, it is nonetheless the case that 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect").

Numerous courts of this district have rejected untimely filings "where the only triggering *Pioneer* factor was, as is the case here, a mistake made by counsel." See *Institute for Policy Studies*, 246 F.R.D. at 384 (citing cases). *See, e.g., McDowell–Bonner*, 668 F. Supp. 2d at 127 ("the missed deadline of May 11, 2009 cannot be reasonably viewed as excusable"); *Casanova v. Marathon Corp.*, 499 F. Supp. 2d 32, 34 ("mere characterization of prior counsel's failure [to timely file answer to counterclaim] as an oversight is insufficient"); *Halmon v. Jones Lang Wootton USA*, 355 F. Supp. 2d 239, 242 (describing as "lame" counsel's excuse that she "did not place

the due date on her calendar"); *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 11 (D.D.C. 2003) ("[I]gnorance of the rules [ ] or mistakes construing the rules do not usually constitute 'excusable neglect'"); *Cobell v. Norton*, 213 F.R.D. 42, 42-43 (D.D.C. 2003) ("inadvertent miscalculation of the date by which [plaintiffs] were required to respond to defendants' filings" not excusable neglect); *Ramseur v. Barreto,* 216 F.R.D. 180, 182 (D.D.C. 2003) ("inadvertently overlook[ing] a filing deadline [and later] to be reminded of it only by a show cause order some three weeks later [does not] constitute [ ] excusable neglect").

## IV.  CONCLUSION

For the foregoing reasons, Mr. Seibert respectfully requests that this Court deny PCS and Derrick Sieber's motion.

Dated:   August 2, 2018.

Respectfully submitted,

By: /s/ Timothy B. Hyland
Timothy B. Hyland
DC Bar No. 988498
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3566 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com

By: /s/ Michael J. Bramnick
Michael J. Bramnick
DC Bar No. 500756
BRAMNICK LAW, LLC
4250 East West Highway, Suite 700
Bethesda, MD 20814
(310) 547-3647  (Tel.)
mbramnick@bramnicklegal.com

*Counsel for Michael Seibert*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 2, 2018, I caused to be filed electronically the forgoing with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will in turn provide service and an NEF to:

Edward Lyle, Esquire
1250 Connecticut Avenue, N.W., Suite 700
Washington, DC 20036


 /s/ Timothy B. Hyland
Timothy B. Hyland

7