# EXHIBIT 1

# Timothy Hyland

| | |
|---|---|
| **From:** | Ed Lyle <ewlyle@west1805.com> |
| **Sent:** | Wednesday, August 1, 2018 6:10 AM |
| **To:** | JillianGarrett@adr.org; Timothy Hyland |
| **Cc:** | mbramnick@bramnicklegal.com |
| **Subject:** | RE: Precision Contracting Solutions, LP v. Michael Seibert - Case 01-18-0001-1477 |

Dear Ms. Garrett,

I am writing to follow up the conference call in the above-referenced matter that was held yesterday, July 31, 2018.

First, as agreed yesterday, I am hereby formally requesting that AAA institute a mediation in this matter, to commence as soon as possible, and a suspension of the arbitration pending the outcome of that mediation. If the mediation is unsuccessful, the arbitration should recommence as soon as possible.

Second, there was brief discussion on yesterday's call by Mr. Hyland concerning litigation that he alleged has been or is about to be filed against his client, or him, or both, by Stephen Sieber. I have spoken to Mr. Sieber, and he has informed me that no litigation has been instituted against either of these individuals, and any issues that Mr. Sieber has vis-à-vis either or both of these individuals will be discussed as part of the mediation.

Third, referencing the discussion in yesterday's call about bringing either Derrick Sieber or Stephen Sieber into the arbitration as additional parties, I note that the disputes provision of Mr. Seibert's contract with PCS prohibits any attempt to join in the arbitration any individual associated with either of the parties therein. This disputes provision and others in PCS's proposed contract were brought to Mr. Seibert's attention prior to his signing the contract, and he fully accepted the disputes provision in particular without any request to change it in any way. PCS would not have entered into that contract with Mr. Seibert if that disputes provision and its protections for individual personnel had not been included in the contract, and Mr. Seibert cannot be heard to now to challenge the validity of that provision. In signing his contract, Mr. Seibert struck a deal with PCS. He lived with the terms of that contract without complaint throughout the entirety of the execution of that contract. Now he should be required to keep his word and honor the provisions he accepted.

Sincerely,

Ed Lyle
Attorney for PCS

1