**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL SEIBERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No. 1:18-cv-818-RMC |
| | ) |
| PRECISION CONTRACTING | ) |
| SOLUTIONS, LP, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| PRECISION CONTRACTING | ) |
| SOLUTIONS, LP, et al., | ) |
| | ) |
| Counterclaim Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL SEIBERT, *et al.*, | ) |
| | ) |
| Counterclaim Defendants. | ) |

**MEMORANDUM IN SUPPORT OF MICHAEL SEIBERT'S
PARTIAL MOTION TO DISMISS THE COUNTERCLAIM**

Counterclaim defendant Michael Seibert ("Mr. Seibert") submits the following

as his memorandum in support of his motion to dismiss, pursuant to Fed. R. Civ. P.

12(b)(6) and 9(b), Counts II and III of the counterclaim filed against him by Precision

Contracting Solutions, LP ("PCS") and Derrick Sieber ("Mr. Sieber") (ECF Nos. 37

and 38).

## I.    INTRODUCTION

PCS and Mr. Sieber responded to Mr. Seibert's action against it with a three-

count counterclaim. The counterclaim purports to assert claims against Mr. Seibert

for breach of contract (by PCS alone), and fraud and defamation (by PCS and Mr.

Sieber).[1] Mr. Seibert does not, at this time, contend that PCS has failed in its counterclaim to make sufficient allegations – however inaccurate – to state a claim against him for breach of contract. However, PCS and Mr. Sieber's claims for fraud (Counterclaim Count II) and defamation (Counterclaim Count III) fail to state claims, and must be dismissed. The fraud claim is inadequately pleaded and alleges no damages caused by the alleged fraud. And, the fraud claim sought to be made here is, in any event, a contract claim miscast as a tort. The defamation claim, in turn, also lacks any of the necessary specificity in pleading and, when coupled with the other allegations made by PCS and Mr. Sieber, reveals that the "defamatory statement" was true or, if stretched to its limits, opinion.

## II.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) challenges the adequacy of a counterclaim on its face. A counterclaim must be sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a counterclaim does not need detailed factual allegations, a counterclaim plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic

---

[1] The defamation claim is also brought against Mr. Seibert's counsel, whose motion to dismiss will be filed separately. Mr. Seibert has waived the potential conflict of interest arising from this unusual scenario, consistent with DCRPC 1.7(c).

recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a counterclaim must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Id.* at 570. But the Court need not accept as true legal conclusions set forth in a counterclaim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In deciding a motion under Rule 12(b)(6), the Court may consider the facts alleged in the counterclaim, documents attached to the counterclaim as exhibits or incorporated by reference, and matters about which the Court may take judicial notice. *See Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007).

## III.   THE CLAIMS

### A.   The Fraud Claim – Counterclaim Count II

In their fraud claim (Counterclaim Count II), PCS and Mr. Sieber allege that Mr. Seibert "intentionally represented to [PCS and Mr. Sieber] that he would be responsible for the required permits for the construction work specified in the Contract." (CC ¶ 37). They allege that Mr. Seibert's alleged representation accorded with District of Columbia regulations purportedly requiring a homeowner to secure such permits. (CC ¶ 38). They further allege that Mr. Seibert's purported representation was knowingly false, that he had no intention of obtaining the permits, and that he did so to deceive them. (CC ¶¶ 39-41). Continuing, PCS and Mr. Sieber allege that the purported misrepresentation was material and that they relied on it. (CC ¶¶ 42-43). They then allege that Mr. Seibert later asked them to obtain the

permits, and that they did so on Mr. Seibert's promise to reimburse them for these costs. (CC ¶¶ 44-45). Lastly, PCS and Mr. Sieber allege that PCS paid $520.44 for the permits, and Mr. Seibert did not repay PCS; hence, they suffered damages of $520.44. (CC ¶¶ 46-48, *ad damnum*).

### B.      The Defamation Claim – Counterclaim Count III

In their defamation claim (Counterclaim Count III), PCS and Mr. Sieber allege that Mr. Seibert has "on multiple occasions stated to third parties in unprivileged contexts that [PCS and Mr. Sieber] failed to obtain required permits in connection with work they performed at [Mr. Seibert]'s domicile." (CC ¶ 50). They allege that these statements are "false in that [PCS and Mr. Sieber] have not been responsible for obtaining permits for work they performed at [Mr. Seibert]'s domicile, and thus could not have failed to obtain them." (CC ¶ 52). They allege that such statements are defamatory because they imply that PCS and Mr. Sieber "fail to observe applicable regulatory requirements in their professional operations and thus are irresponsible and untrustworthy." (CC ¶ 53). Finally, they allege that the purported statements were knowingly false, and were intended to injure (and did injure and damage) them. (CC ¶¶ 54-57).

## IV.    ARGUMENT

### A.    <u>Count II of the Counterclaim fails to state a claim for fraud.</u>

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). These heightened pleading requirements for fraud claims mean that "the pleader must state the time, place and content of the false misrepresentations, the facts misrepresented and what was retained or given up as a consequence of the fraud." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994) citing *United States v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981).

In addition, to state a claim for fraud, a pleader must allege and prove that the defendant made "(1) a false representation (2) in reference to [a] material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action is taken in reliance upon the representation." *Bakeir v. Capital City Mortg. Corp.*, 926 F. Supp. 2d 320, 337 (D.D.C. 2013), quoting *Va. Acad. of Clinical Psychologists v. Grp. Hospitalization & Med. Servs., Inc.*, 878 A.2d 1226, 1233 (D.C. 2005)). "To prevail on such a claim, the plaintiff must also have suffered some injury as a consequence of his reliance on the misrepresentation." *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 136 (D.D.C. 2013), quoting *Chedick v. Nash,* 151 F.3d 1077, 1081 (D.C. Cir. 1998) Moreover, "a fraud action can only be predicated on misrepresentation of past or existing fact; breach of future promises lies in the realm of contract." *DMI, Inc. v.*

*Darwin Const. Co.,* 750 F. Supp. 536, 541 (D.D.C. 1990), quoting *Call Carl, Inc. v. BP Oil Corp.*, 554 F.2d 623, 631 (4th Cir. 1977).

      1.   <u>The allegations of fraud lack the requisite specificity</u>.

      The sole allegation relating to the specifics of the alleged fraud is in paragraph 37 of the counterclaim: "[Mr. Seibert] intentionally represented to [PCS and Mr. Sieber] that he would be responsible for the required permits for the construction work specified in the Contract." The counterclaim contains nary a hint of the "time and place" when this alleged representation was made. The alleged fraud therefore is not alleged with the specificity demanded by Fed. R. Civ. P. 9(b), and therefore fails to state a claim. *See Lewis v. Full Sail, LLC*, 266 F. Supp. 3d 320, 325 (D.D.C. 2017); *Busby*, 932 F. Supp. 2d at 136-37 ("Unless a complaint pleads with particularity a defendant's alleged fraudulent representations, the plaintiff will not be permitted to maintain the claim.").

      2.   <u>The fraud claim is properly a contract claim</u>.

      "District of Columbia law ... does not permit tort claims that arise from a contractual relationship, as 'the tort must exist in its own right independent of the contract, and any duty upon which the tort is based must flow from considerations other than the contractual relationship.'" *Gebretsadike v. Travelers Home & Marine Ins. Co.*, 103 F. Supp. 3d 78, 83 (D.D.C. 2015), quoting *Choharis v. State Farm Fire & Cas. Co.,* 961 A.2d 1080, 1089 (D.C. 2008). *See also Armstrong v. Navient Solutions, LLC*, 292 F. Supp. 3d 464, 473 (D.D.C. 2018) (same). Yet this is precisely what PCS

and Mr. Sieber seek to do in their fraud claim. They allege that Mr. Seibert "promised to reimburse PCS for its expenditures in obtaining the permit" and that Mr. Seibert never repaid those expenditures. (CC ¶¶ 45-47). Mr. Seibert's alleged promise is a contractual obligation. *See DMI, Inc.,* 750 F. Supp. at 541 ("breach of future promises lies in the realm of contract."). It is not a tort. There is no obligation independent of this promise alleged. If PCS or Mr. Seibert suffered damages from a breach of this promise, it is not fraud – it is a garden-variety breach of contract.

3.    <u>The counterclaim establishes a lack of causation between the purported misrepresentation and the alleged damages.</u>

As noted above, to state a claim for fraud, there must be an allegation that the plaintiff "suffered some injury as a consequence of his reliance on the misrepresentation." *Busby*, 932 F. Supp. 2d at 136. Here, however, PCS and Mr. Sieber make no reasonable allegations of causation. The alleged misrepresentation was that Mr. Seibert would, at some time, obtain permits. This did not cause PCS to incur the cost of permits. The damages alleged here – all $520.44 of them – flowed from the alleged breach of a later promise, which is not alleged to be fraudulent: that Mr. Seibert "promised to reimburse PCS for its expenditures in obtaining the permit." (CC ¶ 45). Thus, neither PCS nor Mr. Sieber reasonably allege the existence of any causation between the purported misrepresentation and their alleged damages.

4.      Mr. Seiber does not allege that he suffered damages.

In the fraud claim, PCS and Mr. Sieber seek compensatory damages equal to the amount paid for the permits. Yet they allege that the damages were incurred solely by PCS. *See* Counterclaim ¶¶ 45-48 (alleging that Mr. Seibert promised to reimburse PCS only; that PCS alone paid the permit fees; that Mr. Seibert did not repay PCS only; and that PCS alone has suffered harm). Only PCS alleges damages. As a result, Mr. Sieber's fraud claim by must be dismissed in any event. *See Busby*, 932 F. Supp. 2d at 136.

B.      **Count III of the Counterclaim fails to state a claim for defamation.**

1.      The allegations of defamation against Mr. Seibert lack the required specificity.

"[A]llegations of defamation must be pled with sufficient particularity to provide the opposing party with opportunity to prepare responsive pleadings." *Tressler v. Nat'l R.R. Passenger Corp.*, 819 F. Supp. 2d 1, 6 (D.D.C. 2011), citing *Oparaugo v. Watts*, 884 A.2d 63, 76-77 (D.C. 2005). When a plaintiff fails to allege "the time, place, content, speaker, and listener of the alleged defamatory matter," he fails to state a claim for defamation. *Id*. at 6-7, citing *Wiggins v. Dist. Cablevision, Inc.*, 853 F. Supp. 484, 494 (D.D.C. 1994). *See also Mattiacio v. DHA Grp., Inc.*, 908 F. Supp. 2d 136, 138 (2012) (same). In addition, to survive a motion to dismiss, the allegations must set forth the verbatim language or the substance of the allegedly defamatory matter. *See Bell-Boston v. Manpower Int'l Staffing Agency*, 61 F. Supp.

3d 74, 78 (2014). The counterclaim here does not come close to meeting these pleading standards.

The only substantive description in the counterclaim of the alleged defamation is found in paragraph 50: "[Mr. Seibert] and his counsel … have on multiple occasions stated to third parties in unprivileged contexts that [PCS and Mr. Sieber] failed to obtain required permits in connection with the work they performed at [Mr. Seibert]'s domicile." There is no allegation revealing the times of these statements. There is no allegation about the place of the statements. And there is no allegation identifying the listener, or to whom the statements were published. For these reasons alone, the counterclaim fails to state a claim for defamation against Mr. Seibert.

The pleadings in *Mattiacio* were much like those in the counterclaim here. There, the plaintiff alleged that his employer prepared a letter and report justifying his termination, which contained falsehoods about him. 908 F. Supp. 2d at 137. Describing the allegation, this Court noted:

> In reference to publication of the purportedly defamatory letter and report, the Complaint alleges only that (1) the Defendants "caus[ed] the report to be published,"; and (2) that "[on] personal knowledge, the letter was published to numerous individuals within DHA Group." The letter itself is dated May 30, 2012, but the Complaint provides no details regarding when or how the letter was "published,"—even whether it was before or after the Plaintiff's termination—or which "DHA employees" received the letter. These vague allegations do not provide the Defendants sufficient notice of the Plaintiff's claim as necessary for the Defendants to prepare responsive pleadings.

*Id.* at 138-39 (citations omitted). The counterclaim here suffers the same maladies, and should meet the same fate: "the Court finds the Plaintiff's Complaint fails to state a claim for defamation. The Complaint fails to allege the time and means of publication, or who received the defamatory statement at issue, and thus does not provide the Defendants with adequate notice and sufficient detail from which they can prepare responsive pleadings." *Id.* at 139. *See also Tressler*, 819 F. Supp. 2d at 6 (dismissing defamation claims because the plaintiff did not "allege with any specificity the time, place, speaker, or listener of the defamatory statement.").

But the allegations in the counterclaim fail as well because they do not provide the verbatim statement or statement alleged to be defamatory.[2] The counterclaim does provide a hint at this – the statement seems to deal with the fact that PCS and Mr. Sieber did not secure permits for the construction work they were performing at Mr. Seibert's home. But this lacks the requisite specificity required to state a claim for defamation. *See Watwood v. Credit Bureau, Inc.,* 68 A.2d 905, 906 (D.C. 1949) (dismissing complaint that did not set forth the verbatim language or the substance of the allegedly defamatory matter).

---

[2] Elsewhere in the counterclaim, at ¶ 29, PCS and Mr. Sieber allege that Mr. Seibert "has deceptively stated in his Complaint that PCS failed to obtain all permits required under the Contract when it was not the responsibility of PCS to obtain such permits." If by this allegation (which is incorporated by reference into the defamation claim) they suggest that the defamatory statements were published by the filing of the complaint in this action, their claim must be dismissed because the statements are absolutely privileged. *See Messina v. Fontana*, 260 F. Supp. 2d 173, 176-79 (D.D.C. 2003).

2.   <u>The counterclaim reveals that the alleged statement was neither false nor defamatory</u>.

To state a claim for defamation, a plaintiff must plead and prove:

> (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2) that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm.

*McFadden v. Washington Metro. Area Transit Auth.*, 2015 WL 13659261, at *7 (D.D.C. Jan. 22, 2015), citing *Oparaugo*, 884 A.2d at 76. "The contested statement must be "verifiable and reasonably capable of a defamatory meaning ...." *Weyrich v. New Republic, Inc.*, 235 F.3d 617, 620 (D.C. Cir. 2001). To be "defamatory", a statement "must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous." *Jankovich v. Int'l Crisis Grp.*, 494 F.3d 1080, 1091 (D.C. Cir. 2007); *see also Benic v. Reuters Amer., Inc.*, 357 F. Supp. 2d 216, 222 n.4 (D.D.C. 2004) (in the context of a defamation claim, "believing that an individual did something wrong is distinct from thinking that the individual was odious, infamous, or ridiculous.").

Assuming that the allegedly defamatory statement is adequately pleaded, that statement is that PCS and Mr. Sieber "failed to obtain required permits in connection with work they performed at [Mr. Seibert]'s domicile." (CC ¶ 50). But PCS and Mr. Sieber allege, repeatedly, that this is true: they believe it was not their responsibility

to obtain permits (both contractually and as a matter of law), so they did not obtain the required permits. *See, e.g.*, Answer ¶¶ 33, 34; Counterclaim ¶¶ 6, 7, 8, 9, 10, 12, 15, 16, 20, 29, 37, 38, 41, 42, 43. There is no allegation, nor can there be, that the alleged statement is false. PCS and Mr. Sieber concede that it is true. And, to the extent they contend that the statement is somehow imbued with innuendo that they were required by law to obtain the permits, according to their pleadings they were not, and an opinion of law to the contrary by Mr. Seibert would not be defamatory. *See Competitive Enter. Inst. v. Mann*, 150 A.3d 1213, 1241 (D.C. 2016) (a statement is not actionable "if it is plain that a speaker is expressing a subjective view, an interpretation, a theory, conjecture, or surmise, rather than claiming to be in possession of objectively verifiable facts."). And, more to the point, PCS's and Mr. Sieber's subjective view of the law is wrong: PCS was legally responsible for ensuring permits were obtained before commencing work on Mr. Seibert's residence:

> Each home improvement contractor entering into a contract for the performance of any home improvement work for which a permit is required by applicable law of the District of Columbia shall be responsible for taking such action as may be necessary to ensure that the work is performed only under the authority of the required permit and in accordance with all of its terms.

16 DCMR § 16-812.1.[3]

---

[3] The Court may take judicial notice of District of Columbia Municipal Regulations. *See* Burns v. *Washington Metro. Area Transit Auth.* 114 F.3d 219, 222 n.4 (D.C. Cir. 1997).

Even were the alleged statement otherwise objectively false, the counterclaim further fails because the statement is not defamatory, as a matter of law.[4]  In its worst light, the alleged statement is a claim that PCS and Mr. Sieber did not initially do what they were supposed to do under a contract or under permitting regulations. This does not make them appear "odious, infamous, or ridiculous" and the statement therefore is not defamatory. *See Jankovich*, 494 F.3d at 1091; *Benic*, 357 F. Supp. 2d at 222 n.4.

Accordingly, PCS's and Mr. Sieber's defamation claim against Mr. Seibert fails to state a claim, and should be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Mr. Seibert respectfully requests this Court grant his motion to dismiss, and dismiss Counts II and III of the counterclaim pursuant to Fed. R. Civ. P. 12(b)(6).

Dated:   March 26, 2019.

---

[4] Whether a statement is capable of defamatory meaning is a matter of law for the Court to determine. *See Weyrich v. New Republic, Inc.*, 235 F.3d 617, 627 (D.C. Cir. 2001).

Respectfully submitted,


By: /s/ Timothy B. Hyland
Timothy B. Hyland
DC Bar No. 988498
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3566 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com


By: /s/ Michael J. Bramnick
Michael J. Bramnick
DC Bar No. 500756
BRAMNICK LAW, LLC
4250 East West Highway, Suite 700
Bethesda, MD 20814
(310) 547-3647  (Tel.)
mbramnick@bramnicklegal.com

*Counsel for Michael Seibert*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 26, 2019, I caused to be filed electronically the forgoing with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will in turn provide service and an NEF to:

Edward Lyle, Esquire
1805 45th Street, N.W.
Washington, DC 20007

 /s/ Timothy B. Hyland
Timothy B. Hyland

15