# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MICHAEL SEIBERT,          )
                                  )
         Plaintiff,       )
                                  )
v.                          )     Civil Action No. 1:18-cv-818-RMC
                                  )
PRECISION CONTRACTING   )
SOLUTIONS, LP, *et al.*,       )
                                  )
         Defendants.    )

## REPLY IN SUPPORT OF MOTION TO STAY

The plaintiff, Michael Seibert ("Mr. Seibert"), by and through counsel, respectfully submits the following as his reply in support of his motion to stay this action.

**I.      The OAG action raises the same issues as this action.**

In their opposition, PCS and Mr. Seiber first argue that the issues in the OAG's action against them are not the same as those raised in this case, because Mr. Seibert is not mentioned by name in the OAG's complaint.[1]  No individual customer is named in the OAG's complaint. But the allegations in the complaint do mention Mr. Seibert by reference. For instance, paragraph 10 of the OAG's complaint plainly references the misconduct committed by PCS and Mr. Sieber at Mr. Seibert's residence. By way of example only:

---

[1] Notably, PCS and Ms. Seiber do not contend, and cannot contend, that the claims of misconduct alleged in the two actions are not identical. They are in fact substantively identical.

| OAG Complaint | Seibert Complaint [ECF No. 1] |
|---|---|
| ¶ 15. Although Defendants use licensed professionals to obtain permits for the work that they perform, they often use unlicensed professionals – who are not on the permit and do not work for the licensed professional – to perform the actual work… | ¶ 14. The electrical and plumbing work associated with the project was required to be performed by a licensed plumber and electrician. Upon information and belief, PCS used unlicensed subcontractors or employees to perform the plumbing and electrical work. |

*Compare also*, OAG Compl. ¶ 20 and Seibert Compl. ¶ 7 (misidentification of "Stevie Marco"); OAG Compl. ¶ 21 and Seibert Compl. ¶ 8 (debarment of Stephen Sieber); OAG Compl. ¶ 24 and Seibert Compl. ¶ 24 (use of threats of legal action to preserve BBB and other ratings).

More directly, before the OAG commenced its action, Mr. Seibert provided a great number of documents in response to a subpoena issued by OAG, and was interviewed extensively by representatives and investigators of the OAG. *See* Declaration of Timothy B. Hyland, at ¶¶ 3, 4, attached hereto. Hence, it is unserious to contend that the OAG's complaint does not pertain to Mr. Seibert. And the OAG seeks relief for Mr. Seibert and those similarly situated, in the form of "restitution from Defendants based on their unlawful conduct and/or requiring Defendants to pay damages to consumers." OAG Compl. ¶ 53.

Next, PCS and Mr. Seiber note that the OAG might not ultimately pursue the claims raised by Mr. Seibert. This is true, as is the case in any action. But for now, the OAG is pursuing those claims. A potential future unlikely scenario does not

militate against staying this action. If the OAG later decides not to pursue the claims raised by Mr. Seibert, then this case can then be re-started.

Interestingly, PCS and Mr. Sieber also allude, in a footnote (ECF No. 53, n.1), to their "superb 5-star ratings on … HomeAdvisor … and the Better Business Bureau" as somehow suggesting that the OAG's action is unmeritorious. However, HomeAdvisor appears to have has revoked its positive rating of PCS. *See Exhibit 2*, attached hereto. And as alleged in both Mr. Seibert's complaint and the OAG's complaint, PCS has achieved its high ratings through threats and intimidation of those who dare provide negative reviews or feedback. *See* OAG Compl. ¶ 24, Seibert Compl. ¶ 24.

Further illustrating the consistent pattern and practice of abusive tactics alleged by OAG and Mr. Seibert's complaint, Stephen Sieber previously sued the home improvement contractor review website known as "Angie's List" in the Superior Court for the District of Columbia related to homeowner reviews. *See Sieber v. Brownstone Publ'g Co., t/a Angie's List*, Case No. 2007 CA 002549 (B); *Sieber v. Brownstone Publ'g Co., t/a Angie's List, et al.,* Case No. 2008 CA 006914 (B). Stephen Sieber also sent an email to undersigned counsel on June 3, 2018, claiming to be "co-counsel for Precision Contracting Solutions", threatening to file bar complaints against Mr. Seibert's counsel, boasting about his litigation history by "…taking on Google, YouTube, the Washington Post and Angie's list …", and noting that he "…will hang the pelts of you, your firm and Mr. Seibert on my wall as another victory…" *See* ECF No. 15-1, at 3. Finally, this Court is also aware that PCS and Mr. Sieber have

filed a baseless counterclaim against undersigned related to allegations made in this action.

## II.     The counterclaim is *de minimis*.

In their opposition, PCS and Mr. Seiber next argue that they are entitled to no delay in proceeding with their counterclaim. They concede, as they must, that it is a relatively small claim. But their contention that staying their counterclaim is a violation of their Due Process rights is incorrect. There are delays in adjudicating claims every day in the Court system. These delays are inherent in the system, and PCS and Mr. Seiber cite to no authority actually supporting their position. And they decline to address the standard by which a motion to stay is evaluated. *See Nat'l Shopmen Pension Fund v. Folger Adam Sec., Inc.*, 274 B.R. 1, at *3 (D.D.C. 2002); *Canady v. Erbe Elektromedizin GmbH*, 271 F. Supp. 2d 64, 73 (D.D.C. 2002). And they do not address the balancing of hardships by which a motion to stay is evaluated. *See Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 2d 269, 280 (D.D.C. 2016) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). Their failure to do so is unsurprising, because the standard by which such motions are evaluated leads to the conclusion that a stay of this case, at this time, is appropriate and in the best interests of the parties and the court.

## III.    CONCLUSION

Mr. Seibert requests that this action be stayed until resolution of the OAG's action or otherwise until further order of the Court.

Dated: August 21, 2019.

4

Respectfully submitted,


By: /s/ Timothy B. Hyland
Timothy B. Hyland
DC Bar No. 988498
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3566 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com



By: /s/ Michael J. Bramnick
Michael J. Bramnick
DC Bar No. 500756
Bramnick Law, LLC
4250 East West Highway, Suite 700
Bethesda, MD 20814
(310) 547-3647
mbramnick@bramnicklegal.com

*Counsel for Michael Seibert*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 21, 2019, I caused to be filed electronically the forgoing with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will in turn provide service and an NEF to:

        Edward W. Lyle, Esquire
        1250 Connecticut Avenue N.W., Suite 700
        Washington, DC 20036

                       /s/ Timothy B. Hyland
                      Timothy B. Hyland