**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MICHAEL SEIBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:18-cv-818-RMC |
| ) | |
| PRECISION CONTRACTING ) | |
| SOLUTIONS, LP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MR. SEIBERT'S OPPOSITION TO DEFENDANTS' MOTION FOR
LIMITED EXTENSION OF DISCOVERY PERIOD**

The plaintiff, Michael Seibert ("Mr. Seibert"), by counsel, submits the following as his opposition to the defendants, Derrick Sieber's and Precision Contracting Solutions, Inc.'s, motion for a limited extension of the discovery period (ECF No. 66):

As the Court specified in its Order dated October 30, 2019 (ECF No. 60), a request for an extension of the discovery period may be permitted upon a showing of good cause. "In considering whether good cause exists under Rule 16(b) and 16.4 to amend a scheduling order, the Court primarily considers the diligence of the party in seeking discovery before the deadline." *Barnes v. District of Columbia*, 289 F.R.D. 1, 7 (D.D.C. 2012) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment …. If the party was not diligent, the inquiry should end."); *St. Paul Mercury Ins. Co. v. Capital Sprinkler Inspection*, Inc., 2007 WL 1589495, *6 (D.D.C. June 1, 2007) (collecting cases, quoting *Johnson*)).

The defendants failed to act with diligence in seeking discovery before the deadline of November 1, 2019. In their motion, the only cause articulated by defendants for failing to complete discovery is the existence of an unresolved issue concerning the attendance of Stephen Sieber (a/k/a Stevie Marco) ("Marco") at an inspection of Mr. Seibert's property.

Mr. Seibert provided dates for, and remained willing to allow the site inspection throughout the entire discovery period. But the defendants were unwilling to proceed without Marco in attendance. The inspection was initially scheduled for June 11, 2019, but on May 31, defendants canceled it. *See Exhibit 1*. Nothing more was heard about the inspection until almost three months later, on August 22, when defendants' counsel raised the subject. *See Exhibit 2*. Mr. Seibert again agreed to an inspection. However, rather than proceeding with the inspection without Marco, defendants filed a motion to compel his attendance (ECF No. 55), and then sat idly by as the deadline for such discovery elapsed. Their motion to compel was subsequently denied (ECF No. 60). Now, as a result of their stalling, they have run out of time to conduct the inspection. This should not negate that defendants had ample time conduct the site inspection within the original discovery period, and their failure to do so is attributable solely to their lack of diligence. Further, the defendants failed to seek an extension until after the existing deadline already elapsed. If the defendants believed a site inspection without Marco would be fruitless, then they should have anticipated the need for an extension pending resolution of their motion to compel his attendance, and filed the instant motion before the discovery deadline

had lapsed. Thus, the Court should deny the defendants' motion for an extension of discovery to do now that which they had sufficient opportunity, but failed, to do within the initial period.

Further, the defendants also appear to be seeking an extension within which to conduct depositions. However, during the initial discovery period, defendants failed to notice a single deposition or perform any acts in furtherance of such depositions, such as requesting available dates from counsel for Mr. Seibert. There is no good or valid reason for such failure other than a lack of diligence by the defendants. Nor is there a good and valid reason for waiting until after the discovery deadline has elapsed to seek an extension. Simply stated, the defendants did not seek depositions before the discovery deadline and thus should not now be permitted to do so.

For the reasons stated herein, Mr. Seibert respectfully requests that the defendants' motion for a limited extension of the discovery period be denied.

Dated: November 11, 2019.

Respectfully submitted,

By: /s/ Timothy B. Hyland
Timothy B. Hyland
DC Bar No. 988498
HYLAND LAW PLLC
1818 Library Street, Suite 500
Reston, VA 20190
(703) 956-3566 (Tel.)
(703) 935-0349 (Fax)
thyland@hylandpllc.com

By: /s/ Michael J. Bramnick
Michael J. Bramnick
DC Bar No. 500756
Bramnick Law, LLC
4250 East West Highway, Suite 700
Bethesda, MD 20814
(310) 547-3647
mbramnick@bramnicklegal.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 11, 2019, I caused to be filed electronically the forgoing with the Clerk of Court for the United States District Court for the District of Columbia using the CM/ECF system, which will in turn provide service and an NEF to:

Edward W. Lyle, Esquire
1250 Connecticut Avenue N.W., Suite 700
Washington, DC 20036

/s/ Timothy B. Hyland
Timothy B. Hyland